# UNITED STATES DISTRICT COURT
## Middle District of North Carolina

MARVIN ANTHONY CUMMINGS,    )
    )
        Petitioner,    )   **MEMORANDUM OPINION**
    )   **AND RECOMMENDATION**
    v.    )
    )
ANTHONY HATHAWAY, III,    )
    )   1:07CV888
        Respondent.    )

This matter is before the court on Respondent's motion for summary judgment (docket no. 5). Petitioner has responded in opposition to the motion, and in this posture the matter is ripe for disposition. For the reasons which follow, it will be recommended that the motion be granted.

**BACKGROUND**

Petitioner is a state court prisoner who was convicted by a jury in the Superior Court of Guilford County of four counts of felonious breaking and entering, four counts of larceny, one count of safecracking, one count of attempted safecracking, and four counts of attaining the status of a habitual felon.[1] Petitioner was sentenced to 10 consecutive sentences of 168- to 211-months imprisonment. Petitioner thereafter entered *Alford* pleas to nine counts of felony breaking and

---

[1] The breadth of Petitioner's criminal activity is detailed in the opinion of the court of appeals and in Respondent's brief in this court and does not need to be set out here.

entering, nine counts of felony larceny, and two counts of felony possession of stolen goods. The trial judge, accepting the parties' agreement, consolidated these latter convictions and imposed no additional imprisonment. Petitioner appealed to the North Carolina Court of Appeals, and while his appeal was pending, he filed a Motion for Appropriate Relief (MAR) in that court. The MAR was denied, and in a published opinion, the court found no error at trial. *State v. Cummings*, 622 S.E.2d 183 (N.C. Ct. App. 2005). The North Carolina Supreme Court denied Petitioner's petition for discretionary review, 641 S.E.2d 306 (N.C. 2006), and the United States Supreme Court denied his petition for a writ of certiorari, 127 S. Ct. 2441 (2007). Petitioner filed his federal habeas petition on November 20, 2007. Petitioner asserts "his actual innocence of the 10 habitual felon convictions" for the reason that:

> all 10 habitual felon indictments charged elements of habitual felon declarations. Being a declared habitual felon is not illegal and not punishable. Impossible for Petitioner to defend himself against indictments fatal defects. Court, Petitioner, nor counsel correctly understood statutes essential elements.

 Respondent does not contend that the petition is out-of-time, but Respondent does contend non-exhaustion and Respondent does not waive non-exhaustion.[2]

---

[2]  On his direct appeal, Petitioner asserted three instances of trial court error in sentencing and one claim of ineffective assistance of trial counsel. 622 S.E.2d at 185. The ineffective assistance claim centered on Petitioner's contention that trial counsel failed to object to Petitioner's sentence on constitutional and state law grounds. *Id.* at 186.

Petitioner contends that his failure to exhaust is attributable to ineffective assistance of appellate counsel.[3]  Notwithstanding non-exhaustion, Respondent asks that this court decide the matter on the merits.

**STANDARD OF REVIEW**

This matter is before the court on summary judgment.  In a habeas case:

[N]ot . . . every set of allegations not on its face without merit entitles a . . . petitioner to an evidentiary hearing.  As in civil cases generally, there exists a procedure whose purpose is to test whether facially adequate allegations have sufficient basis in fact to warrant plenary presentation of evidence.  That procedure is, of course, the motion for summary judgment.

*Blackledge v. Allison*, 431 U.S. 63, 80 (1977).  Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56©; *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997).  The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial.  *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact-finder to return a verdict for that party.  *Anderson v.*

---

[3]  Other than making these bald claims about his actual innocence and ineffective assistance of appellate counsel, Petitioner offers nothing further in support.

*Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md*. 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence, or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex Corp*., 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp*., 128 F.3d 191, 196 (4th Cir. 1997).

It is too glib, however, simply to say that the standard formulation for assessing summary judgment in the run-of-the-mill civil case applies in all habeas cases. For example, no habeas application by a state court prisoner may be "granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d). As another example, in a habeas claim of ineffective assistance of counsel, a federal court "must indulge a strong presumption that counsel's conduct [was] reasonable . . . [and] the [petitioner] must overcome the presumption that . . . the challenged [action] 'might be considered sound trial strategy'." *Strickland v. Washington*, 466

4

U.S. 668, 689 (1984). Nevertheless, the point is that habeas cases are subject to a summary judgment analysis as are all civil cases. *See* Rule 11, Rules Governing Section 2254 Cases In The United States District Courts; *see also Maynard v. Dixon*, 943 F.2d 407, 412-13 (4th Cir. 1991)(FED. R. CIV. P. 56 applies to habeas proceedings); *but cf.*, 17A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4268, p. 485 (2d ed. 1988) ("The procedure of applications for habeas corpus for state prisoners is a confusing amalgam, to be found in a variety of different sources. There are a number of procedural provisions in the habeas corpus statutes themselves.").

**ANALYSIS**

Review of a state court decision on the merits of a prisoner's habeas corpus claims is governed by the deferential standard of review set forth in 28 U.S.C. § 2254(d), part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

5

28 U.S.C. § 2254(d). After concluding that both the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) must be given independent meaning, the United States Supreme Court articulated the following standard of review:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412–13 (2000) (O'Connor, J., concurring).

A state court's decision must be substantially different from relevant Supreme Court precedent before relief may be granted under the "contrary to" clause. *Id.* at 405 (noting that the word "contrary" is commonly understood to mean "diametrically different," "opposite in character or nature," or "mutually opposed"). Under the "unreasonable application" clause, "the most important point is that an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410. Therefore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *see also Bell v. Jarvis*, 236 F.3d 149, 158 (4th Cir. 2000). Section 2254 precludes *de novo* federal habeas corpus review of state court decisions on the merits of a petitioner's claim. *Bell v.*

*Jarvis*, 236 F.3d at 159–60 (overruling *Cardwell v. Greene*, 152 F.3d 331, 339 (4th

Cir. 1998)).  Even a summary adjudication, wherein the state court fails to articulate

any rationale for its decision, is considered an adjudication on the merits and should

be accorded deference under § 2254(d)(1).  *See id.* at 163.  When faced with a state

court decision that does not explicitly cite or apply federal law, the habeas court

should conduct an "independent examination of the record and the clearly

established Supreme Court law." *Id.* at 158.  Nevertheless, the habeas court must

still confine its review to whether the "result" of the state court decision "is legally or

factually unreasonable." *Id.* at 163 (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178

(10th Cir. 1999)).  Finally, AEDPA did not substantially alter the standard of review

concerning state court factual determinations.  Factual determinations made by a

state court are afforded a presumption of correctness.  28 U.S.C. § 2254(e)(1).  In

order to rebut the presumption of correctness, a petitioner must present clear and

convincing evidence.  *Id.*

    With these principles in mind, the court turns to Petitioner's claims of actual

innocence.  Petitioner argues that he is actually innocent of being a habitual felon.

He goes on to excuse his failure to raise this claim in the state courts because of

ineffective assistance of appellate counsel.  Habeas relief should be denied on the

merits as to this claim.[4]  First, it is well settled that a claim of actual innocence may

---

[4]  As noted, Respondent contends that Petitioner's "actual innocence" claim lacks
merit and is also non-exhausted.  Because the court can easily dispose of the claim on the
merits, there is no need to address Respondent's exhaustion argument.  *See* 28 U.S.C.

be brought in order to excuse the procedural default of a separate constitutional claim on which a petitioner has requested habeas relief. Unfortunately for Petitioner, however, his claim of actual innocence is conclusory and without evidentiary support, as is his contention of ineffective assistance of appellate counsel that he advances to excuse his failure to raise the claim in the state courts. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance claim—or for that matter, on any claim—a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). The conclusory nature of Petitioner's actual innocence claim is all the more telling because under Supreme Court precedent Petitioner must present "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Royal v. Taylor*, 188 F.3d 239, 243–44 (4th Cir. 1999). And, under the *Schlup* standard, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell,* 547 U.S. 518, 126 S. Ct. 2064, 2086–87 (2006) (*quoting Schlup,* 513 U.S. at 327). Moreover, in *Schlup*, the Court further stated that a "claim of [actual]

_____

§ 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

8

innocence is . . . 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" 513 U.S. 315 (citation omitted). These principles mean that, at a minimum, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. At bottom, a federal habeas petitioner may not succeed on a claim of actual innocence accompanied by an assertion of constitutional error (for example, as here, ineffective assistance) without *any* showing. And because Petitioner here has failed to make any showing, his claim must fail.

**CONCLUSION**

Accordingly, for these reasons, **IT IS RECOMMENDED** that Respondent's motion for summary judgment (docket no. 5) be **GRANTED**.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, NC
March 5, 2008

9